UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YOLANDA G. PEREZ
and other similarly-situated individuals,

    Plaintiff(s),

v.

PHOENIX 90, LLC,
d/b/a JUNGLE JUICE CAFE,
LARISA PUSCARENCO,
FABIO BERNARDI,
and CHRISTIAN RIGOLLET, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, YOLANDA G. PEREZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants PHOENIX 90, LLC, d/b/a JUNGLE JUICE CAFE, and LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime, and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YOLANDA G. PEREZ is a resident of Miami-Dade County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant PHOENIX 90, LLC, d/b/a JUNGLE JUICE CAFE (hereinafter JUNGLE JUICE CAFE, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were and are now, the owners/partners/directors and managers of Defendant Corporation JUNGLE JUICE CAFE. Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the action raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff YOLANDA G. PEREZ to recover from Defendants minimum wages and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant JUNGLE JUICE CAFE, is a vegetarian/vegan restaurant located at 17100 Collins Avenue, Sunny Isles Beach, FL 33160.

8. Defendant JUNGLE JUICE CAFE, employed Plaintiff YOLANDA G. PEREZ as a non-exempt hourly employee approximately from approximately March 13, 2017, to May 6, 2017 or 8 weeks.

9. Plaintiff was promised an hourly rate of $15.00 an hour, and to be paid fairly for all hours worked. Plaintiff's duties included shopping for groceries and produce, cooking, cleaning and general kitchen work.

10. Plaintiff worked as agreed, the first three weeks of employment 7 days per week. Plaintiff worked from Monday to Friday from 5:00 AM to 12:00 AM (19 hours each day); and Saturdays and Sundays from 5:00 AM to 6:00 PM (13 hours each day). Plaintiff did not take any bona fide lunch period. In these three weeks period, Plaintiff worked a total of 121 hours per week.

11. The remaining 5 weeks Plaintiff had Sundays off, and she worked 6 days per week the same schedule. for a total of 108 hours per week.

12. During her 8 weeks of employment, Plaintiff worked 108, and 121 hours every week period. However, Plaintiff was not paid regular wages, nor overtime compensation.

13. Plaintiff clocked in and out every day, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and a half her regular rate.

14. Therefore, Defendants failed to pay Plaintiff for regular wages and overtime hours at the rate of time and a half her regular rate, in violation of FLSA provisions.

15. Furthermore, using her own money Plaintiff bought supplies for the restaurant, for an accumulated value of $2,400.00, that never were reimbursed to her.

16. Plaintiff complained many times about unpaid wages, with the owners of the business LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET through the manager Pavel Arratia, and she was promised to be paid soon.

17. Around her last week of employment, Plaintiff was paid with two checks, of $1,200.00 each one, as a partial reimbursement for restaurant supplies and as partial payment for unpaid wages. Unfortunately, Defendants gave Plaintiff bad checks, and the checks were returned by the bank.

18. After this event, Plaintiff was forced to resign from her employment at JUNGLE JUICE CAFÉ, Plaintiff was working long hours, but she was not being paid, then Defendants gave her bad checks. No reasonable person could continue working under those circumstances.

19. Plaintiff YOLANDA G. PEREZ seeks to recover regular wages, overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law. In addition, Plaintiff intends to recover $2,400.00 that she advanced to buy groceries for the business, and banking charges caused by the bad checks.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

21. Plaintiff YOLANDA G. PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff YOLANDA G. PEREZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2015, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant JUNGLE JUICE CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a vegan/vegetarian restaurant, catering mostly to tourists. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and produced meals to be served to tourists. Therefore, there is FLSA individual coverage.

25. Defendant JUNGLE JUICE CAFE, employed Plaintiff YOLANDA G. PEREZ as a non-exempt hourly employee approximately from approximately March 13, 2017, to May 6, 2017 or 8 weeks.

26. Plaintiff was promised an hourly rate of $15.00 an hour, and to be paid fairly for all hours worked. Plaintiff's duties included shopping for groceries and produce, cooking, cleaning and general kitchen work.

27. Plaintiff worked as agreed, the first three weeks of employment 7 days per week a total of 121 hours each week. The remaining 5 weeks Plaintiff had Sundays off, and she worked 6 days per week the same schedule for a total of 108 hours per week.

28. During her 8 weeks of employment, Plaintiff worked 108, and 121 hours every week period. However, Plaintiff was not paid regular wages, nor overtime compensation.

29. Plaintiff clocked in and out every day, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated.

30. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

   Thirteen Thousand One Hundred Seventeen Dollars and 50/100 ($13,117.50)

   b. Calculation of such wages:

   Total weeks of employment: 8 weeks
   Regular rate: $15.00 x 1.5= $22.50

   i. **Overtime for three weeks of seven days, with 121 hours worked**

   Total number of weeks: 3 weeks
   Total hours worked: 121weekly
   Total O/T hours: 81 O/T hours

   $22.50 O/T rate x 81 O/T hours=$1,822.50 weekly x 3 weeks=$5,467.50

   ii. **Overtime for five weeks of 6 days, with 108 hours worked**

   Total number of weeks: 5 weeks
   Total hours worked: 108 hours weekly
   Total O/T hours: 68 O/T hours

   $22.50 O/T rate x 68 O/T hours=$1,530.00 weekly x 5 weeks=$7,650.00

   Total overtime i, and ii = $13,117.50

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the

Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were the owners/partners/directors/managers of JUNGLE JUICE CAFE. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of JUNGLE JUICE CAFE in relation to its employees, including Plaintiff and others similarly situated. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET had financial and operational control of the corporation, gave Plaintiff her schedule, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

38. Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United

States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YOLANDA G. PEREZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff YOLANDA G. PEREZ and other similarly-situated individuals and against the Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YOLANDA G. PEREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff YOLANDA G. PEREZ demands trial by jury of all issues triable as of right by jury.

# COUNT II:
# F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff YOLANDA G. PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

41. Defendant JUNGLE JUICE CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a vegan/vegetarian restaurant, catering mostly to tourists. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and produced meals to be served to tourists. Therefore, there is FLSA individual coverage.

43. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees

who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

44. Defendant JUNGLE JUICE CAFE, employed Plaintiff YOLANDA G. PEREZ as a non-exempt hourly employee approximately from approximately March 13, 2017, to May 6, 2017 or 8 weeks.

45. Plaintiff was promised an hourly rate of $15.00 an hour, and to be paid fairly for all hours worked. Plaintiff's duties included shopping for groceries and produce, cooking, cleaning and general kitchen work.

46. Plaintiff worked as agreed, the first three weeks of employment 7 days per week. a total of 121 hours per week.

47. The remaining 5 weeks Plaintiff had Sundays off, and she worked 6 days per week the same schedule for a total of 108 hours per week.

48. During her 8 weeks of employment, Plaintiff worked 108, and 121 hours every week period. However, Plaintiff was not paid regular wages, at any rate, not even the minimum wage rate.

49. Plaintiff clocked in and out every day, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated.

50. Therefore, Defendant willfully failed to pay Plaintiff regular wages at any rate, not even at the minimum wage rate as established by the Fair Labor Standards Act.

51. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

52. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

53. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    *Florida minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Five Hundred Ninety-Two Dollars and 00/100 ($2,592.00)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 8 weeks
       Florida Minimum Wage for 2017: $8.10

       $8.10 x 40 hours = $324.00 weekly x 8 weeks = $2,592.00

    c. <u>Nature of wages</u>:

       This amount represents unpaid regular hours at Florida minimum wage rate.

54. Defendant JUNGLE JUICE CAFE unlawfully failed to pay minimum wages to Plaintiff.

55. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains

owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

56. At the times mentioned, individual Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were and are now, the owners/partners/ directors and managers of JUNGLE JUICE CAFE. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of JUNGLE JUICE CAFE in relation to its employees, including Plaintiff and others similarly situated. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET had financial and operational control of the businesses, determined Plaintiff's terms and working conditions of Plaintiff, and they are jointly liable for Plaintiff's damages.

57. Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remains owing Plaintiff these minimum wages as set forth above.

58. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YOLANDA G. PEREZ and others similarly situated employees respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants JUNGLE JUICE CAFE, LARISA

PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff YOLANDA G. PEREZ actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YOLANDA G. PEREZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
## RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

59. Plaintiff YOLANDA G. PEREZ re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

60. Defendant JUNGLE JUICE CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the annual gross revenue of the

Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

61. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and produced meals to be served to tourists. Therefore, there is FLSA individual coverage.

62. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

63. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendant JUNGLE JUICE CAFE, employed Plaintiff YOLANDA G. PEREZ as a non-exempt hourly employee approximately from approximately March 13, 2017, to May 6, 2017 or 8 weeks.

67. Plaintiff was promised an hourly rate of $15.00 an hour, and to be paid fairly for all hours worked. Plaintiff's duties included shopping for groceries and produce, cooking, cleaning and general kitchen work.

68. Plaintiff worked as agreed, the first three weeks of employment 7 days per week, a total of 121 hours per week.

69. The remaining 5 weeks Plaintiff had Sundays off, and she worked 6 days per week the same schedule for a total of 108 hours per week.

70. During her 8 weeks of employment, Plaintiff worked 108, and 121 hours every week period. However, Plaintiff was not paid regular wages, nor overtime compensation.

71. Plaintiff complained many times about unpaid wages, with the owners of the business LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET through the manager Pavel Arratia, every time she was promised to be paid soon.

72. These complaints constituted protected activity under the Fair Labor Standards Act.

73. Around the first week of May 2017, Defendants paid Plaintiff with two checks, of $1,200.00 each one, representing a partial reimbursement for restaurant supplies that Plaintiff had bought with her own money, and a partial payment for unpaid wages. Unfortunately, Defendants gave Plaintiff bad checks, and the checks were returned by the bank.

74. After this event, Plaintiff was forced to resign from her employment at JUNGLE JUICE CAFÉ, Plaintiff was working long hours, but she was not being paid, on top of that, Defendants gave her bad checks.

75. On or about May 6, 2017 Plaintiff was constructively discharged. No reasonable person could continue working under those circumstances.

76. At all time during her employment with Defendants, Plaintiff performed her duties satisfactorily. Plaintiff states that she was constructively discharged due to her fired as a complaints unpaid wages, and bad checks given to her.

77. There is closed proximity between Plaintiff's last protected activity and the date of her constructive termination.

78. At the times mentioned, individual Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were and are now, the owners/partners/ directors and managers of JUNGLE JUICE CAFE. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of JUNGLE JUICE CAFE in relation to its employees, including Plaintiff and others similarly situated. Defendants LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET had financial and operational control of the businesses, determined Plaintiff's terms and working conditions of Plaintiff, and they are jointly liable for Plaintiff's damages.

79. Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then constructively discharged Plaintiff.

80. One of the reasons which caused Plaintiff's discharge as described above was her complaints seeking regular and overtime wages from the Defendants.

81. The Defendants' constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

82. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YOLANDA G. PEREZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants JUNGLE JUICE CAFE, LARISA PUSCARENCO, FABIO BERNARDI, and CHRISTIAN RIGOLLET to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YOLANDA G. PEREZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff YOLANDA G. PEREZ demands trial by jury of all issues triable as of right by jury.

Dated: June 30, 2017.

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*